IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JAMES LONG,                         )
                                    )
     Plaintiff,                     )
                                    )    CIVIL ACTION NO.
     v.                             )    2:13cv176-MHT
                                    )         (WO)
ALABAMA DEPARTMENT OF               )
HUMAN RESOURCES, et al.,            )
                                    )
     Defendants.                    )
```

OPINION

Plaintiff James Long filed this lawsuit against defendants Alabama Department of Human Resources, Nancy Buckner, and Sharon E. Ficquette, asserting that he was retaliated against and ultimately fired for obeying a subpoena in a co-worker's employment-discrimination case against the Department in violation of his First Amendment rights as well as his federal and state statutory rights.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the plaintiff's motion for summary judgment should be denied and the defendants' motion for summary

**judgment granted.  Also before the court are plaintiff's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted, albeit in part only.**

**As to the plaintiff's race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 1981a & 2000e through 2000e-17) and the Civil Rights Act of 1866 (42 U.S.C. § 1981 brought through the remedial vehicle of 42 U.S.C. § 1983), the court agrees with the magistrate judge in full. As to the plaintiff's First Amendment claim under § 1983, the court agrees with the magistrate judge that qualified immunity precludes relief.**

**However, as to the plaintiff's state-law claim under the Alabama State Employees Protection Act (1975 Ala. Code §§ 36-26A-1, et seq.), the court believes that it should dismiss this claim without prejudice, especially since there is no state law directly on point.  All**

parties agree that the court has this discretion and that the refiling of the claim in state court would not be time barred.  A district court has discretion to decline supplemental jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Factors to be taken into account include "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  Courts are strongly encouraged to dismiss state claims when the federal claims have been resolved prior to trial.  See id. (concluding that "federal court[s] should decline the exercise of [supplemental] jurisdiction by dismissing the case without prejudice" when the federal-law claims have been dismissed prior to trial).

    An appropriate judgment will be entered.

    DONE, this the 30th day of January, 2015.

                              /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE