IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAMES LONG,               ) | |
|     )                         | |
|     Plaintiff,           )     | |
|     )                         | CIVIL ACTION NO. |
|     v.                   )     | 2:13cv176-MHT |
|     )                         | (WO) |
| ALABAMA DEPARTMENT OF    )     | |
| HUMAN RESOURCES, et al., )     | |
|     )                         | |
|     Defendants.          )     | |

OPINION AND ORDER

Plaintiff James Long filed this lawsuit against defendants Alabama Department of Human Resources, Nancy Buckner, and Sharon E. Ficquette, asserting that he was retaliated against and ultimately fired for obeying a subpoena in a co-worker's employment-discrimination case against the Department in violation of his First Amendment rights as well as his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Alabama State

Employees Protection Act, 1975 Ala. Code § 36-26A-1, et seq.

On January 30, 2015, this court issued an opinion and order granting summary judgment in favor of the defendants on Long's federal claims; dismissing Long's state-law claim without prejudice;* and ordering costs

---

* The court takes this opportunity to clarify its reasoning in dismissing Long's state-law claim with leave to refile in state court. See Long v. Alabama Dep't of Human Res., 2015 WL 2345240, at *1 (M.D. Ala. Jan. 30, 2015) (Thompson, J.). Long's complaint appeared to allege a state-law claim against two state employees in both their official and individual capacities. The official-capacity aspect of the claim would have been barred by Eleventh Amendment immunity, as explained in Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). However, at the on-the-record pretrial conference held on January 29, 2015, Long's counsel clarified that Long was pursuing the state-law claim against the state employees in only their individual capacities. Further, the parties agreed that, should summary judgment be granted in favor of the defendants on the federal claims, the court could dismiss the individual-capacity state-law claim to allow for refiling in state court and that the statute of limitations on the claim was tolled during the pendency of the case in federal court. Because the state-law claim raised unsettled issues of state law and because summary judgment was being entered on all of the claims upon which the court's original jurisdiction had been based, the court dismissed the

(footnote continued)

taxed against Long. Long v. Alabama Dep't of Human Res., 2015 WL 2345240, at *1 (M.D. Ala. Jan. 30, 2015) (Thompson, J.).  This cause is now before the court on the defendants' bill of costs and on Long's objection to, and motion to strike, excess witness costs.

---

state-law claim pursuant to 28 U.S.C. § 1367(c)(1) & (3) and (d). Graham v. State Farm Mutual Insurance Co., 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3)."); Dunavant v. Sirote & Permutt, P.C., 2014 WL 2885483, at *12 (S.D. Ala. 2014) (Steele, C.J.) (the preference for dismissal of state claims under 28 U.S.C. § 1367(c)(3) "also applies when the federal claims are eliminated on motion for summary judgment"), aff'd, 2015 WL 525536 (11th Cir. 2015).  See also Jinks v. Richland County, S.C., 538 U.S. 456 (2003) (holding, without directly deciding whether 28 U.S.C. § 1367(c)(3) applies when federal claims are eliminated on summary judgment, that § 1367(d) tolled state statute of limitations on state-law claim where federal court had resolved federal claims on summary judgment); Bradley Scott Shannon, A Summary Judgment Is Not a Dismissal!, 56 Drake L.Rev. 1, 12 (2007) ("[F]ederal courts overwhelmingly have held, pursuant to § 1367(c)(3), that jurisdiction of supplemental claims may be declined following a grant of summary judgment as to a plaintiff's original claims.") (collecting cases).

Federal Rule of Civil Procedure 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorneys' fees--should be allowed to the prevailing party."  In their bill of costs, the defendants seek to recover a total of $ 7,094.40 for the following costs:

(1) Fees for service of summons and subpoena: $ 35.00;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $ 4,488.00;

(3) Fees for witnesses: $ 1,926.20; and

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $ 645.20.

Long moves to strike, and objects to, only $ 1,835.00 in excess witness costs for Frank Gogan because the charged $ 1,875.00 was $ 1,835.00 over the statutory maximum of $ 40.00 per day plus mileage.  The defendants do not contest this objection and motion to strike.

The clerk taxed $ 1,926.20 in witness costs, which can be broken down into $ 51.20 paid to Carolyn Rawls and $ 1,875.00 to Gogan.  None of Gogan's fee was for mileage.  28 U.S.C. § 1821 limits the attendance fee to $ 40.00 per day.  Because the defendants do not contend Gogan attended for more than one day and because they do not contest the motion to strike and objection, Long's motion to strike will be granted, his objection will be sustained, and the witness fee for Gogan will be reduced from $ 1,875.00 to $ 40.00.

For the foregoing reasons, and upon consideration of Long's motion to strike, and objection to, excess witness costs, the court concludes that costs should be allowed in the amount of $ 5,259.40 and disallowed in the amount of $ 1,835.00, as follows:

|  | Requested | Disallowed | Allowed |
|---|---|---|---|
| Fees for service | $ 35.00 | $ 0 | $ 35.00 |
| Fees for transcripts | $ 4,488.00 | $ 0 | $ 4,488.00 |
| Fees for witnesses | $ 1,926.20 | $ 1,835.00 | $ 91.20 |

5

| Fees for exemplification and copies | $ 645.20 | $ 0 | $ 645.20 |
| TOTAL | $ 7,094.40 | $ 1,835.00 | $ 5,259.40 |

\*\*\*

Accordingly, it is ORDERED that:

(1) Plaintiff James Long's objection (doc. no. 82) to the bill of costs (doc. no. 80) is sustained and his motion to strike excess witness costs (doc. no. 84) is granted to the extent that $ 1,835.00 of the requested costs are disallowed and $ 5,259.40 of the requested costs are allowed.

(2) Costs in the amount of $ 5,259.40 are taxed against plaintiff Long, for which execution may issue.

DONE, this the 19th day of May, 2015.

                         /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**