UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
------------------------------------------------------------------X

JAMES LONG,

                      Plaintiff,

        -against-

ALABAMA DEPARTMENT OF HUMAN RESOURCES,
NANCY BUCKNER, and SHARON E. FICQUETTE,

                      Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**2:13-CV-176 (NGG) (PWG)**

NICHOLAS G. GARAUFIS, United States District Judge.*

    In this action, Plaintiff James Long asserts that he suffered discriminatory and retaliatory conduct by Defendants, the Alabama Department of Human Resources ("ADHR"), Nancy Buckner, and Sharon E. Ficquette, in violation of federal and state law. (See Am. Compl. (Dkt. 12).) Currently before this court are the parties' renewed cross-motions for partial summary judgment on Plaintiff's claims under a state whistleblower law, the Alabama State Employees Protection Act ("ASEPA"), Ala. Code §§ 36-26A-1 to -7. (See Def.'s Renewed Mot. for Partial Summ. J. (Dkt. 91); Pl.'s Renewed Mot. for Partial Summ. J. (Dkt. 92).) Magistrate Judge Paul W. Greene considered identical cross-motions in a Report & Recommendation ("R&R") issued on November 10, 2014 (R&R (Dkt. 54)), to which Plaintiff filed timely objections (Pl.'s Obj. to R&R ("Pl. Obj.") (Dkt. 55)). For the reasons stated below, Plaintiff's objections are OVERRULED and the court ADOPTS IN PART Judge Greene's R&R. Accordingly, Plaintiff's Renewed Motion for Partial Summary Judgment is DENIED and Defendant's Renewed Motion for Partial Summary Judgment is GRANTED.

---

* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

1

I.   BACKGROUND

The extensive factual background and procedural history of this matter are laid out in a May 31, 2016, opinion from the Eleventh Circuit. (Per Curiam 11th Cir. Op. (Dkt. 87).) This section reviews only the information that is pertinent to the parties' renewed cross-motions.

A. Factual Background

The following summary is drawn from Judge Greene's R&R, which cites extensively to the evidence adduced in the parties' original cross-motions for partial summary judgment. Plaintiff served as Deputy Attorney General ("Deputy AG") at ADHR from 2006 until his involuntary termination in 2012. (R&R at 10-11.) At all relevant times, Defendant Buckner was the ADHR Commissioner, and Defendant Ficquette was ADHR's Chief Legal Counsel and Plaintiff's direct supervisor. (Id. at 6, 11.)

In 2011, Plaintiff and Defendant Ficquette disagreed on how ADHR should apply the newly passed Alabama Beason-Hammon Immigration Act to certain departmental operations. (Id. at 25.) When ADHR adopted Defendant Ficquette's interpretation as its official policy, Plaintiff sent an email to certain high-level ADHR officials explaining his disagreement. (Id.) Defendant Ficquette then wrote to Plaintiff expressing her concerns about Plaintiff's mass email and accusing Plaintiff of violating state personnel rules. (Id. at 25-26.) In January 2012, Plaintiff initiated an administrative grievance process against Defendant Ficquette by sending a notarized letter to the Attorney General and the Director of the Personnel Department. (Id. at 26.) The letter described Plaintiff's concerns that Defendant Ficquette's advice to ADHR was contrary to the Beason-Hammon Act, as well as Plaintiff's grievances about Defendant Ficquette's conduct in her capacity as his supervisor. (Id. at 26-27.)

In the meantime, Defendants had begun an investigation into Plaintiff's workplace activities. (Id. at 34-35.) Defendants initiated pre-termination proceedings in March 2012, and

Defendant Buckner ultimately adopted a Hearing Officer's findings that Plaintiff "should be terminated for falsification of documents, unauthorized use of state equipment, failure to ensure the integrity and security of records of arrest and prosecution in his charge, and disruptive conduct in the workplace." (Id. at 36-37.)

## B. Procedural History

Plaintiff initiated this action in March 2013, alleging violations of his constitutional rights under the First and Fourteenth Amendments, his rights against discrimination and retaliation under Title VII of the Civil Rights Act, and his rights against retaliation under the Alabama State Employee Protection Act. (Am. Compl.) Plaintiff moved for partial summary judgment on his ASEPA claim against Defendant Buckner (Dkt. 25), and Defendants cross-moved for summary judgment on all of Plaintiff's federal and state claims (Dkt. 27). Judge Greene's R&R recommended that the court grant Defendants' motion in full. (R&R at 4.) Judge Myron H. Thompson[1] of this court adopted the R&R in part, granting summary judgment in favor of Defendants on all of Plaintiff's federal claims, and declining to exercise supplemental jurisdiction over the state-law ASEPA claims, which were dismissed without prejudice. (Jan. 30, 2015, Op. (Dkt. 73); Jan. 30, 2015, J. (Dkt. 74).)

On appeal, the Eleventh Circuit reversed Judge Thompson's grant of summary judgment on Plaintiff's federal retaliation claims, and remanded with instructions to revive the ASEPA claims "because the district court's reason for declining [supplemental] jurisdiction . . . [was] no longer valid." (Per Curiam 11th Cir. Op. at 33.) On remand, the parties renewed their cross-motions for partial summary judgment as to the ASEPA claims, relying wholly on their previous filings. (Def.'s Renewed Mot. for Partial Summ. J.; Pl.'s Renewed Mot. for Partial Summ. J.)

---

[1] This case was reassigned to the undersigned on December 2, 2016. (Notice of Reassignment (Dkt. 93).)

3

Judge Greene's R&R thus takes into account all relevant filings except for Plaintiff's timely objections. The court now exercises its supplemental jurisdiction under 28 U.S.C. § 1367 to evaluate Plaintiff's ASEPA claims, as analyzed in Judge Greene's R&R.

## II. LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "However, where a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of de novo review." Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016) (summary order) (quoting Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993)).

## III. DISCUSSION

The Alabama State Employees Protection Act prohibits a "supervisor" from taking certain adverse employment actions "against a state employee . . . if the state employee reports" a violation of state law to a public body "under oath or in the form of an affidavit." Ala. Code § 36-26A-3. Judge Greene's R&R recommended that Plaintiff's ASEPA claims be dismissed as to certain Defendants on grounds of immunity under the Eleventh Amendment, and that all remaining ASEPA claims be dismissed on the grounds that Plaintiff is not entitled to ASEPA's protections. The court agrees, and so grants summary judgment to Defendants on all Plaintiff's ASEPA claims.

### A. Eleventh Amendment Immunity

"The Eleventh Amendment limits the power of federal courts to hear suits instituted by private litigants against a state." (R&R at 47.) Judge Greene recommended a finding that Eleventh Amendment immunity precludes ASEPA claims against ADHR, and also against

4

Defendants Buckner and Ficquette in their official capacities. (Id. at 51-52 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991).) Plaintiff did not object to this recommendation, and so the court reviews for plain error. Cf. Kohser, 649 F. App'x at 777 (citing Garvey v. Vaughn, 993 F.2d at 779 & n. 9). Finding none, the court adopts Judge Greene's recommendation in full and grants partial summary judgment in favor of Defendants on these claims.

### B. Plaintiff's Eligibility for ASEPA Protections

The only ASEPA claims not barred by Eleventh Amendment immunity are those brought against Defendants Buckner and Ficquette in their individual capacities. Judge Greene recommended granting summary judgment to Defendants on these claims because Plaintiff is not entitled to assert an ASEPA claim. (Id. at 94-101.) ASEPA protects "state employees" who make an "oath or affirmation." Ala. Code § 36-26A-3. Judge Greene recommended a finding that Plaintiff, as a Deputy Attorney General, was not a "state employee" under ASEPA, and that even if he was, his administrative grievance did not constitute an "oath or affirmation" within the meaning of the statute. (Id.) Plaintiff objected to both recommendations. (Pl. Obj. at 53-58.) Plaintiff is therefore entitled to de novo review under 28 U.S.C. § 636(b)(1). The court agrees with Judge Greene's conclusion as to the meaning of "state employee," and therefore need not address the statute's "oath or affirmation" requirement.

For the purposes of ASEPA, a "state employee" is a "person defined as a classified employee" under the Alabama Merit System. Ala. Code § 36-26A-2(2). The Merit System "Definitions" provision states that the "classified service" includes "[a]ll offices or positions of trust or employment in the state service now or hereafter created except those placed in the unclassified service or exempt service by this article." Id. § 36-26-2(3). Other Merit System provisions define certain categories of "unclassified" and "exempt" positions. See id. § 36-26-10. Plaintiff argues that "all employees not specifically designated as unclassified or exempt

5

employees under [these provisions] are, as a matter of law, 'classified employees.'" (Pl. Obj. at 54 (citing Wyatt v. Bronner, 500 F. Supp. 817, 820 (M.D. Ala. 1980).) Because the relevant Merit Systems provisions do not explicitly list Deputy AGs as either unclassified or exempt, Plaintiff argues that Deputy AGs "are necessary classified employees as a matter of law." (Id. at 55.)

Plaintiff's argument has facial validity based on the provisions that establish the Merit System. However, that argument fails to take into account provisions elsewhere in the Alabama Code that have equal legal force. The statute that establishes the office of Deputy Attorney General (the "Deputy AG Statute") does not explicitly categorize the position as unclassified or exempt, but a close read of the statute's text makes it abundantly clear that the Alabama Legislature did not intend to include Deputy AGs in the classified service. The statute provides, for example, that "the salaries, expenses, and benefits of a deputy attorney general shall be paid from the State Treasury in the same manner that the salary and expenses of employees in the classified service are paid." Ala. Code § 36-15-5.1(f) (emphasis added). If a classified employee accepts a Deputy AG appointment and later resigns or is removed, that individual retains the "salary or other benefits which would have accrued . . . had he or she remained within the classified service." Id. § 36-15-5.1(e) (emphasis added). Two longstanding principles of statutory interpretation compel the court to find that Deputy AGs are not classified employees.

1. The Rule Against Superfluities

First, "a court should [] avoid interpreting a provision in a way that would render other provisions of the statute superfluous." Black Warrior Riverkeeper, Inc. v. Black Warrior Minerals, Inc., 734 F.3d 1297, 1303 (11th Cir. 2013) (citing Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 114-15 (2001); Lowe v. SEC, 472 U.S. 181, 208 n.53 (1985)); see also Ex parte Lambert, 199 So. 3d 761, 766 (Ala. 2015) ("A statute should be construed so that effect is given

to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (quoting Ex parte Welch, 519 So. 2d 517, 519 (Ala.1987)).

If, as Plaintiff claims, Deputy AGs were members of the classified service, the Deputy AG Statute's references and comparisons to the classified service would be wholly redundant. Those references only retain their semantic function if Deputy AGs are not classified employees.

### 2. General Provisions Yield to Specific Provisions

Second, it is axiomatic that, absent clear legislative intent, a general prohibition or authorization in one provision will yield to a more specific prohibition or authorization found in another. Law v. Siegel, — U.S. —, 134 S. Ct. 1188, 1194 (2014); see also RadLAX Gateway Hotel, LLC v. Amalgamated Bank, — U.S. —, 132 S. Ct. 2065, 2071 (2012) (explaining that the "general/specific canon" applies both to "statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission," and also to statutes "in which a general authorization and a more limited, specific authorization exist side-by-side"). "The courts are not at liberty to pick and choose among [legislative] enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed [legislative] intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 551 (1974); see also Lambert, 199 So. 3d at 766 ("A statute should be construed . . . so that one section will not destroy another." (quoting Welch, 519 So. 2d at 519)).

Plaintiff may be correct that, under the Merit System, all positions not explicitly designated as unclassified or exempt are generally presumed to be classified. See Ala. Code §§ 36-26-2(3), 36-26-10. Be that as it may, the Alabama Legislature has clearly indicated its intent that Deputy AGs should not be included within the classified service. The court will honor the specific intent expressed in the Deputy AG Statute, notwithstanding the general presumption described in the Merit System statute.

### 3. The Court's Findings

The court finds that Plaintiff, as a Deputy AG, was not a "state employee" under ASEPA, and is therefore not entitled to its whistleblower protections. The court notes Plaintiff's additional objection that he was simultaneously a Deputy AG and an "Attorney III" under the Merit System, an argument that first appeared in his prior filings. (Compare Pl. Obj. at 55-56 with Pl.'s Opp'n to Def.'s Mot. for Summ. J. (Dkt. 39) at 92-93.) The court agrees with Judge Greene's analysis on this point (see R&R at 97), and therefore overrules Plaintiff's objection and adopts Judge Greene's reasoning. The court finds that Defendants are entitled to summary judgment on Plaintiff's ASEPA claims against Defendants Buckner and Ficquette in their individual capacities.

## IV. CONCLUSION

For the reasons stated above, Judge Greene's R&R (Dkt. 54) is ADOPTED IN PART. Accordingly, Plaintiff's Renewed Motion for Partial Summary Judgment is DENIED and Defendant's Renewed Motion for Partial Summary Judgment is GRANTED. Plaintiff's claims under ASEPA are hereby DISMISSED.

SO ORDERED.

Dated: Brooklyn, New York
December 16, 2016

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

8